CLARENCE L. WRIGHT *v.* BOARD OF EDUCATION OF HUNTINGTON
INDEPENDENT DISTRICT

(No. 7237)

Submitted April 26, 1932.   Decided May 3, 1932.

*George S. Wallace,* for plaintiff in error.
*George I. Neal* and *L. W. Blankenship,* for defendant in
error.

HATCHER, PRESIDENT:

Plaintiff, C. L. Wright, was employed in 1929 as superintendent of schools for the independent district of Huntington by the defendant Board of Education (hereinafter called the Board) for a term of four years at an annual salary of $10,000.00, payable monthly. He served in this capacity until July 21, 1931, when his services were terminated in the manner shown by the following minutes of that date entered by the Board: "* * * the Board proposed to Mr. Wright they desired that he resign and surrender his contract. Whereupon, Mr. Wright offered to resign and ·surrender his contract as Superintendent upon the delivery of the Board issuing and delivering to him at once a voucher for the sum of $5,000,00; and upon motion duly made and seconded the proposition of Mr. Wright was accepted and the Secretary was directed to forthwith issue and deliver to Mr. Wright a voucher for $5,000.00 upon the delivering by

Mr. Wright his written resignation and surrender of his contract.''

The plaintiff had been paid his salary up to July 1, 1931, and he was paid the $5,000.00 above referred to, on July 21st. He seeks in this action to recover for his services as school superintendent from July 1st to July 21st (both days inclusive), on the theory that the $5,000.00 was not meant to include his salary between those dates. From an adverse verdict and judgment in the circuit court, he secured a writ of error.

He complains of the admission of oral testimony relating to what occurred before, at, and after the Board meeting of July 21st, and contends that his case must be determined by what the above minutes show. The claim he now advances is made under his contract of 1929 with the Board. In order to maintain the claim he must rely on that contract. But he can no longer rely on it, as the minutes show that he surrendered it fully and unconditionally to the Board on July 21, 1931. Its complete surrender included every right he had under it. Therefore his present claim is a part of his surrender of July 21st, and he is not entitled to recover. Under this view the alleged errors are inconsequential.

The judgment of the circuit court is affirmed.

*Affirmed.*